UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NEWELL D. WEEKS,                          :
                                          :
            Petitioner                    :
                                          :
      v.                                  :  CIVIL NO. 3:CV-08-2057
                                          :
RONNIE HOLT,                              :  (Judge Kosik)
                                          :
            Respondent                    :

FILED
SCRANTON

DEC 3 0 2008

PER _____ 
DEPUTY CLERK

## **M E M O R A N D U M**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 filed by Newell D. Weeks, an inmate currently confined at the United States

Penitentiary at Canaan ("USP-Canaan"), Pennsylvania. In the petition, Weeks

maintains that the Bureau of Prisons ("BOP") has improperly computed his federal

sentence. Specifically, he claims that the BOP has failed to credit his federal sentence

for time spent in a federal holding facility from April 4, 2002, through December 5,

2002, while awaiting sentencing. The petition has been briefed, and is ripe for

disposition. For the reasons that follow, the petition will be dismissed.

## I.   **Background**

Petitioner was arrested on or about November 14, 2001, by state authorities

from Marion County, Indiana on state robbery charges. He was sentenced on the

state charges on or about March 8, 2002, to a term of 10 years of incarceration. At that time, he was given credit toward the state sentence of all time spent incarcerated since November 14, 2001.

Prior to this time, on January 25, 2001, Petitioner had committed the federal offenses of Aiding and Abetting the Theft of Firearms From a Licensed Firearms Dealer and Use, Possession, Brandishing of a Firearm In Relation to a Crime of Violence. In April of 2002, Petitioner was removed from state custody via a Writ of Habeas Corpus Ad Prosequendum by the United States Marshal Service to face the federal charges in the United States District Court for the Eastern District of Kentucky. On December 5, 2002, Petitioner was sentenced in federal court to a term of 176 months of incarceration on the federal offenses. In the Judgment and Commitment Order the sentencing judge set forth no orders regarding pre-sentence credit. However, 92 months of the sentence was ordered to run concurrent to the previously imposed state sentence.

In the instant habeas petition, Petitioner seeks sentence credit for the time period of April 4, 2002 through December 5, 2002, the 248 days spent in the U.S. Marshal's custody during his federal criminal court proceedings.

## II.    Discussion

### A.    Exhaustion

Respondent first maintains that the petition is subject to dismissal for failure to

exhaust administrative remedies.  It is well-settled that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); see also Hegney v. Hogsten, Civ. No. 1:CV-07-0271, 2008 WL 282371 at *3 (M.D. Pa. Jan. 31, 2008)(Conner, J.).  A party is required to exhaust administrative remedies before seeking relief in federal court unless Congress has indicated to the contrary or the available administrative remedies are inherently inadequate. Muhammad v. Carlson, 739 F.2d 122, 123 (3d Cir. 1984); see also Young v. Quinlan, 960 F.2d 351, 356 (3d Cir. 1992). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62.

The BOP has established a multi-tier system by which a prisoner may seek formal review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.16 (1994).  First, "[i]nmates shall informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for Administrative Remedy." Id., at § 542.13(a).  Second, "[i]f an inmate is unable to informally resolve his complaint, he may file a formal written complaint [to the

3

warden], on the appropriate form, within twenty (20) calendar days of the date on which the basis of the complaint occurred." Id., at § 542.15(a). In the event the inmate is dissatisfied with the warden's response, he may file an appeal to the BOP Regional Director within twenty (20) days. Id., § 542.15(a). Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to BOP Office of General Counsel/Central Office within thirty (30) calendar days from the date of the Regional Director's response. Id. No administrative remedy appeal is considered to have been fully exhausted until rejected by the BOP's Central Office. 28 C.F.R. § 542, et seq.

In support of the argument that Petitioner has failed to exhaust administrative remedies, Respondent submits the BOP Sentry Report conducted on November 28, 2008, of the Administrative Remedies Generalized Retrieval System, which reveals the following. (Doc. 8, Wallace Decl., Attach. B.) With regard to the instant sentence credit issue, Petitioner filed a grievance on April 15, 2008, while incarcerated at the United States Penitentiary in Terre Haute, Indiana. It was docketed as #489775-F1. In response to the grievance USP-Terre Haute Warden Marberry informed Petitioner on May 5, 2008, that he could not be granted the credit sought because he had already received that credit toward the service of his Indiana state sentence. (Id., Attach. C at 14.)

Petitioner appealed this decision in appeal #489775-R1. The BOP North

4

Central Regional Office rejected the filing because Petitioner failed to include with his appeal any of the documents regarding the Warden's decision. (Id., Attach. B at 10.)

Petitioner thereafter filed a second appeal to the regional level at #489775-R2, which was rejected as untimely. (Id. at 11.) Petitioner appealed this rejection to the regional level as appeal #489775-R3. The appeal was rejected because it should have been filed with the Office of General Counsel, not at the Regional Level.

An appeal was subsequently filed by Petitioner with the Office of General Counsel in #489775 challenging the region's denial of his regional appeal as untimely. The appeal to the OGC was denied on September 16, 2008, as untimely. However, Petitioner was informed that if the untimely filing of the appeal was not his fault, he could provide staff verification on letterhead and submit it to the region for review. (Id., Attach. B at 12.) He did not file any other grievance or appeal under #489775.

On October 16, 2008, Petitioner transferred to USP-Canaan. On November 4, 2008, he filed grievance #515067-F1 wherein he again raised the sentence credit issue. The Warden responded to the grievance by explaining to Petitioner that he had already received credit toward his state sentence for the time period in question. (Doc. 8, Attach. C at 15.) He did not pursue this grievance any further. The instant habeas petition was thereafter filed on November 13, 2008.

Petitioner has not filed a traverse, and does not dispute these facts. It is clear, based upon the foregoing, that he has failed to exhaust his available administrative remedies. He failed to pursue any of his grievances/appeals on the merits through to the Office of General Counsel level. Accordingly, the petition is not exhausted.

**B.    Merits**

Even if the claims raised in the petition were exhausted, they are without merit. The Attorney General has delegated to the Bureau of Prisons the authority to compute federal sentences for offenses committed on or after November 1, 1987. See 18 U.S.C. § 3585; 28 C.F.R. § 0.96 (1992); United States v. Wilson, 503 U.S. 329, 334-35 (1992); United States v. Brann, 990 F.2d 98, 103-04 (3d Cir. 1993). Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of two factors: (1) the date on which the federal sentence commences, and (2) the extent to which credit may be awarded for time spent in custody prior to the commencement of the sentence.

Section 3585 provides as follows:

(a)    Commencement of sentence. - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b)    Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -

> (1) as a result of the offense for which the sentence was
> imposed; or
> (2) as a result of any other charge for which the defendant
> was arrested after the commission of the offense for which
> the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b) (emphasis added).

BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and the provisions of 18 U.S.C. § 3585(a) clearly provide that a federal sentence of imprisonment cannot commence earlier than the date it was imposed. In addition, the last clause of § 3585(b) provides that time spent in custody cannot be credited toward a federal sentence if it was used to satisfy a non-federal sentence. The United States Supreme Court has made clear that inmates are not allowed to "double count" credit. Wilson, 503 U.S. at 337.

There are three ways that an inmate can accrue federal jail credit. See Stackpole v. Williamson, No. 3:07-0396, 2007 WL 2207866, at *3 (M.D. Pa. July 30, 2007). The first is credit for time spent in custody while actually serving a federal sentence. The second is credit for prior custody under § 3585(b). The third is credit for time spent in non-federal pre-sentence custody during which the inmate is denied bail because of a federal detainer.

In the instant case, Petitioner seeks credit for the time period of April 4, 2002 through December 5, 2002. During this period Petitioner was produced from state

custody pursuant to a federal writ of habeas corpus ad prosequendum to answer the federal charges. It is well established that a federal sentence does not begin to run when a federal defendant is produced from state custody pursuant to a federal writ of habeas corpus ad prosequendum. See Chambers v. Holland, 920 F. Supp. 618, 622 (M.D. Pa. 1996). When a prisoner is in federal custody via a writ ad prosequendum, the state is still the primary custodian "unless and until the first sovereign relinquishes jurisdiction over the prisoner." Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000).

Petitioner's federal sentence commenced on December 5, 2002, the date it was imposed. At that time, he was under the primary jurisdiction of Indiana as he had only been "borrowed" by the federal government pursuant to the writ to attend the federal proceedings. Because the time spent on the writ has already been credited to Petitioner's Indiana state sentence, he cannot receive credit for the same time period toward service of his federal sentence. Prior custody credit cannot be granted if the prisoner has received credit towards another sentence. See Rios, 201 F.3d at 272; Tisdale v. Menifee, 166 F. Supp. 2d 789, 792 (S.D. N.Y. 2001). "Double credit" is strictly prohibited by the statutory bar set forth in § 3585(b). Accordingly, even if the petition were exhausted, it is without merit. An appropriate order follows.

8

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NEWELL D. WEEKS,                    :
                                    :
           Petitioner               :
                                    :
     v.                             :   CIVIL NO. 3:CV-08-2057
                                    :
RONNIE HOLT,                        :   (Judge Kosik)
                                    :
           Respondent               :

## O R D E R

**AND NOW, THIS   30   DAY OF DECEMBER, 2008,** in accordance

with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1.    The petition for writ of habeas corpus is **dismissed**.

2.    The Clerk of Court is directed to **close this case**.

EDWIN M. KOSIK
United States District Judge